UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-111 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ARMARCION D. HENDERSON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion to Suppress [Record Document 18], filed on behalf of the defendant, Armarcion D. Henderson. Defendant contends there was no legal reason for stopping the vehicle in which he was a passenger and, therefore, any evidence obtained during the search of the vehicle should be suppressed. See id. Magistrate Judge Hornsby conducted an evidentiary hearing on September 1, 2009, after which he submitted a Report and Recommendation ("R&R") to this Court recommending that the defendant's motion to suppress be denied. [Record Document 34]. Defendant timely filed objections to the Report and Recommendation arguing that the credibility of Anthony Smith, Chief of Police for Haynesville, Louisiana, should not have been held more believable than others who testified. [Record Document 35]. Pursuant to 28 U.S.C. § 636(b)(1),[1] the Court must review *de novo* those portions of the Report and Recommendation to which the defendant objects.

---

[1] 28 U.S.C. § 636(b)(1) provides, in pertinent part:
> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

## ANALYSIS

After reviewing the parties' memorandums and considering the testimony of the witnesses at the evidentiary hearing, the magistrate judge determined that the evidence did not support defendant's contention that Chief Smith could not have seen the rifle in plain view through the driver's side window of the pickup truck because the rifle was wrapped in clothing and concealed under the seat of the pickup truck. [Record Document 34, p.4]. Essentially, the magistrate judge determined that Chief Smith's testimony was more credible and accepted his testimony as true, pointing out that the defendant's contentions were not supported by objective evidence. Rather, the evidence showed that the rifle would not fit all the way under the seat, that the driver of the pickup truck admitted during his grand jury testimony that the rifle was sticking out "a little bit" from under the seat, and that no clothing was found during the inventory of the pickup truck that could have been used to conceal the rifle. See id. at 4-5 (citing Supp. Tr. 217, 231, 237). Jason Branch, an officer with the Haynesville Police Department, also testified that he observed Chief Smith remove the rifle from the pick-up truck and that the rifle was not wrapped in clothing. [Supp. Tr. 145].

Defendant primarily argues Chief Smith's testimony "should not have been held more believable than others who testified" because he "added a considerable number of negative facts never before heard or seen." [Record Document 36]. At the evidentiary hearing, Chief Smith was called to testify in person, under oath, and was asked to provide specific details about the events at issue. The Court finds it is neither unusual nor surprising that his testimony included additional facts that had not previously been disclosed in his written reports. Police reports are individualized and can range from

containing brief (but adequate) descriptions or summaries of the incident to lengthy epistles sometimes containing unnecessary details. These reports are written by police officers on a routine basis, typically for administrative and legal purposes, and are not required to contain all details and descriptions of events—if that were true, police officers would be forced to sit behind a desk writing reports and would be unable to fulfill their sworn duty to protect and serve the community. While writing reports is obviously a necessary part of law enforcement, there is simply no law requiring a written police report to contain immaterial details, nor does a defendant have a right to a completely accurate police report. Smith v. Patri, 99 Fed.Appx. 497, 498 (5th Cir. 2004) ("there is no right to a completely accurate police report"); see also, Jason v. Cain, 56 F.3d 1385, 1995 WL 337750, *2 (5th Cir. 1995) ("Because police reports are not verbatim accounts of pretrial statements,...the fact that a specific piece of trial testimony is not included in the police report is not necessarily a reflection on the credibility of a witness, but instead may be the result of an officer's transcription techniques.") (internal citations and quotations omitted).

More importantly, the facts claimed by the defendant to be omitted from Chief Smith's written reports are immaterial to a determination that the initial stop was justified. The absence of such immaterial facts from Chief Smith's written reports does not render the reports inconsistent with his trial testimony nor give the Court reason to doubt his credibility.

Defendant also contends the magistrate judge erroneously relied on Chief Smith's testimony that no clothes were found in the vehicle which could have been used to cover up the rifle because no written inventory has been produced in this matter. Once again, the magistrate judge, who was present at the evidentiary hearing and able to observe the

nature and demeanor of each witness, found Chief Smith's testimony to be credible and accepted his testimony as true. After reviewing the transcript from the evidentiary hearing, the Court has no reason to doubt the magistrate judge's credibility determinations. See Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983) (relying on United States v. Raddatz, 447 U.S. 667, 673-76, 100 S.Ct. 2406, 2411-13, 65 L.Ed.2d 424) (a district court may place whatever reliance it chooses, in the exercise of sound judicial discretion, on a magistrate's proposed findings and recommendations, as well as the magistrate's credibility determinations, provided the record indicates that the district court reviewed "the verbatim account of the evidentiary hearing"). Furthermore, the initial stop was justified at its inception by at least one traffic violation (weaving between the lines on Highway 79). Because the driver of the pick-up truck did not have a valid driver's license or insurance and fled scene, a tow truck was called. Thus, even assuming *arguendo* that there was not credible evidence from which the magistrate judge could conclude that the rifle was in plain view, the rifle inevitably would have been discovered during the inventory search of the vehicle before it was towed. See United States v. Swan, 259 Fed.Appx. 656, 660-61 (5th Cir. 2007) (an inventory search and discovery of weapons and drugs was an inevitable consequence of defendant's failure to maintain liability insurance on his vehicle).

Accordingly, after carefully reviewing the magistrate judge's Report and Recommendation, the defendant's objections, and the transcript of the evidentiary hearing, the Court concludes that the magistrate judge accurately summarized the initial stop and subsequent search and seizure that occurred on January 13, 2009, and correctly reasoned that the rifle and ammunition were found pursuant to a valid traffic stop.

**CONCLUSION**

For the reasons stated herein, and in the exercise of sound judicial discretion, the Court adopts the Report and Recommendation [Record Document 34] of the magistrate judge.

Accordingly,

**IT IS ORDERED** that the defendant's Motion to Suppress [Record Document 18] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 29th day of January, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE