UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-111 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ARMARCION D. HENDERSON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Rule 35(a) Motion to Correct a Sentence for Clear Error (Record Document 43) filed by Defendant Armarcion D. Henderson ("Henderson"). Defense counsel argues that it was clear error for the Court to sentence Henderson to 60 months incarceration, which was above the advisory guideline range of 33-41 months, because increasing a sentence to accommodate a rehabilitation programs violates 18 U.S.C. § 3582(a). Defense counsel further asks the Court to clarify its intention to give Henderson credit for the time he has spent in federal custody beginning June 17, 2009. The United States of America ("the Government") opposed the motion. See Record Document 48. For the reasons which follow, the motion is **DENIED**.

Federal Rule of Criminal Procedure 35(a) provides:

> Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

F.R.Cr.P. 35(a). Rule 35(a) is "intended to be very narrow" and extends only to those "errors which would most certainly result in remand of the case to the trial court for further action." U.S. v. Bridges, 116 F.3d 1110, 1112 n. 3 (5th Cir. 1997). The rule is not meant to afford the district court "the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the [district] court to simply change its mind about the appropriateness of the sentence." Id.

The Fifth Circuit has also concluded that Rule 35(a)'s explicit time limit is jurisdictional, meaning the district court lacks jurisdiction to correct its original sentence beyond the limitation period set forth in Rule 35(a). See U.S. v. Lopez, 26 F.3d 512, 518-519. The time period set forth in the rule is "strictly construed." Bridges, 116 F.3d at 1112. In Bridges, the Fifth Circuit stated:

> We must note that the district court's modification of Bridges's sentence occurred approximately 50 days after the imposition of the initial sentence, clearly outside the seven-day window [now fourteen-day window]. Thus, we conclude that the district court lacked jurisdiction to resentence Bridges.

Id.

Under Rule 35(c), "sentencing" is defined as "the oral announcement of the sentence." F.R.Cr. P. 35(c). The oral announcement of the sentence in the instant matter occurred on June 2, 2010. See Record Document 44. Thus, the undersigned no longer has jurisdiction to correct any alleged error in Henderson's sentence pursuant to Rule 35(a), as almost sixty days have passed since the oral announcement of sentence.[1] Defense counsel conceded as much in the reply, stating:

> Less clear is the question of whether the district court has jurisdiction at this point to change any part of defendant's sentence. . . . Defendant concedes it is probably too late for the district court to make any modification to his sentence. It will be left to the Fifth Circuit.

Record Document 52 at 4.

Accordingly,

**IT IS ORDERED** that the Rule 35(a) Motion to Correct a Sentence for Clear Error

---

[1] Even if the Court had jurisdiction to consider Henderson's Rule 35(a) motion, his request for clarification regarding credit for time spent in federal custody prior to sentencing would fail. This claim relates to the execution of Henderson's sentence, not a correction of the sentence itself. See U.S. v. Giddings, 740 F.2d 770, 771 (9th Cir. 1984).

(Record Document 43) filed by Defendant Armarcion D. Henderson be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of July, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE